**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JANIE TISDALE,** | * |
| Plaintiff, | * |
| v. | *   Case No. RWT 16-cv-3832 |
| **ERIMAX, INC.,** | * |
| Defendant. | * |

## **MEMORANDUM OPINION**

On November 29, 2016, Plaintiff Janie Tisdale ("Tisdale") filed a Complaint against Defendant Erimax, Inc. ("Erimax"), alleging that Erimax discriminated against her on the basis of her disability and denied her reasonable accommodations for her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann. § 20-601 *et seq*. ECF No. 1. She also alleged that Erimax retaliated against her for engaging in protected activity in violation of the ADA and FEPA. *Id*. On March 2, 2017, Erimax filed a Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment on the grounds that her FEPA claims were time-barred and that she was an independent contractor rather than an employee, and was thus not covered under the ADA. ECF No. 9. On April 17, 2017, Tisdale filed a Motion for Leave to File First Amended Complaint [ECF No. 14]. The issues have been fully briefed, and no hearing is necessary. Local Rule 105.6. For the reasons that follow, Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment [ECF No. 9] will be granted and Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 14] will be denied.

## FACTS

Tisdale alleged that from November 2010 until April 29, 2013, Erimax employed her as a Project Manager on its Acquisition Contract with the United States Census Bureau. ECF No. 1 ¶ 9.  She alleged that due to her strong performance, she was given increasingly greater responsibilities and was selected to participate in a training program. *Id.* ¶¶ 12-14.  She performed ninety percent of her work from the U.S. Census Bureau's office in Suitland, Maryland, and teleworked the rest of the time. *Id.* ¶ 14.

Erimax's evidence, by contrast, indicates that, in late 2011 and early 2012, Tisdale requested to be converted from an employee to an independent contractor. *See* Def. Ex. 1 at 4, ECF No. 9-3 (December 29, 2011 email from Tisdale to Erimax Senior Vice President of Business Development/Operations Dick Richards requesting an "opportunity to talk with [him] regarding [her] employment status converting back to 'Consultant'"); Def. Ex. 2, ECF No. 9-4 (January 20, 2012 email from Tisdale to Richards thanking him for "discussing [her] interest in reverting back to 'Contract' status with Erimax, Inc."). Erimax also provided a copy of Tisdale's Consultant Agreement—signed by both parties—which clearly states that, beginning in January 2012, Tisdale was an independent contractor.  Def. Ex. 3, ECF No. 9-5; *see also* Def. Ex. 5, ECF No. 9-7 (Tisdale's Consultant Work Order for period of February 1, 2013 to September 30, 2013).  The Consultant Agreement provided that she would be paid on an hourly basis and that she would "be able to select [her] own hours and pace of work," provided that the work was completed within a specified time frame.  Def. Ex. 3 at 1 ¶ 1, ECF No. 9-5.  The contract stated that both parties agreed that "Consultant is an independent contractor," and as such, she had "no other relationship with Erimax other than that of Independent Contractor within the meaning of, but not restricted to, any Federal, State or local laws. . . ." *Id.* at 2 ¶ 8.  It

also specified that Tisdale would not be considered an employee of Erimax "for purposes of Erimax's employee benefit plans, which include, but are not limited to, vacation, sick leave, holiday leave, retirement plan contributions, health, life, dental and disability insurance." *Id.* Tisdale was to submit monthly invoices detailing the number of hours worked and expenses incurred, and she would be paid not later than thirty days after the receipt of each invoice. *Id.* at 3 ¶ 14.

Subsequent emails from Tisdale indicated her understanding that she had been converted back to "contractor" status. *See* Def. Ex. 4, ECF No. 9-6 (February 7, 2012 email from Tisdale to Richards stating, "Though I have returned to 'Contractor' status, I remain diligent in listening for opportunities that are a potential fit for Erimax, Inc."); Def. Ex. 7, ECF No. 9-9 (April 16, 2013 email from Tisdale stating that "[s]ince [she was] only a Contractor, [she] often refrain[ed] from sharing ideas on how to improve management of the program.").

On April 3, 2013, Tisdale alleged that she suffered severe injuries in a car accident on her way to work, and she promptly notified her supervisor, Project Manager Natalie Ellis, that she was unable to come to work that day. ECF No. 1 ¶¶ 18-19. She submitted two doctors' notes to Erimax which stated that she would be unable to work from April 3, 2013, through April 22, 2013. *Id.* ¶¶ 23-24. On April 21, 2013, she alleged that she submitted another doctor's note saying that she could resume working on April 22, 2013, but would need to telework until May 27, 2013. *Id.* ¶ 26. Richards stated that he was unsure whether the Census Bureau would permit her to telework for that amount of time, and instructed her not to telework until she received approval to do so. *Id.* ¶¶ 27-28. However, she was never notified as to whether her request was granted. *Id.* ¶¶ 28. On April 29, 2013, Tisdale alleged that she received a letter stating that Erimax was terminating her employment because, on April 2, 2013, Tisdale had told

Erimax President and Chief Executive Officer Eric Franklin that she did not want to report to Ellis, and would resign if she had to continue to do so.  *Id.* ¶ 29-30.  Tisdale claims that this reason for terminating her was false, and that she had simply told Franklin that it did not make sense for her to report to Ellis.  *Id.* ¶ 31.

Tisdale filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on February 18, 2014, which was cross-filed with the Maryland Commission on Civil Rights.  *Id.* ¶ 7.  On August 31, 2016, the EEOC issued a Notice of Right to Sue letter.  *Id.* ¶ 8.

## ANALYSIS

### I. Legal Standard for Summary Judgment

Summary judgment is proper under Fed. R. Civ. P. Rule 56(a) if there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006).  A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A dispute of material fact is genuine if the evidence would allow the trier of fact to return a verdict for the nonmoving party.  *Id.*  When considering a motion for summary judgment, the court has "an affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323–24).  The Court must view all facts and make all reasonable inferences in the light most favorable to the nonmoving party.  *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. Legal Standard for Leave to Amend

Because she filed her motion for leave to amend more than twenty-one days after Erimax filed its motion under Rule 12(b)(6) and Rule 56, Tisdale is not entitled to amend her Complaint as a matter of course, and must first obtain the opposing party's consent or leave of the Court. Fed. R. Civ. P. 15(a). This Court "should freely give leave when justice so requires." *Id.* Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations and quotation marks omitted).

## III. Tisdale's Maryland FEPA claims are barred by the statute of limitations.

Tisdale brought three Maryland FEPA claims alleging denial of reasonable accommodation (Count 2), discrimination on the basis of disability (Count 4), and retaliation for engaging in protected activity (Count 6). FEPA claims are governed by a two-year statute of limitations. MD. CODE ANN., STATE GOV'T § 20-1013(a)(3). Here, the last alleged unlawful employment practice occurred when she was terminated on April 29, 2013. Her Complaint was not filed until more than three years later. Therefore, her FEPA claims will be dismissed.

## IV. Erimax is entitled to summary judgment on Tisdale's ADA claims.

Erimax argued that it is entitled to summary judgment on Tisdale's ADA claims because its evidence establishes that there is no genuine dispute as to the fact that she was an independent contractor, rather than an employee, and she is thus not entitled to claim protection under the ADA. ECF No. 9-1 at 5-8. In response, Tisdale argued only that her motion for leave to file an amended complaint mooted Erimax's motion to dismiss, and that consideration of its motion for

summary judgment is inappropriate because the parties have not yet engaged in discovery. ECF No. 13 at 2-3.

### a. The Court may properly consider matters outside the pleadings and consider Erimax's Motion for Summary Judgment.

Federal Rule of Civil Procedure 12(d) clearly states that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Under Rule 56(d), if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order."

Tisdale makes only the cursory statement that summary judgment is inappropriate because discovery has not been conducted. She has not, as Rule 56 requires, provided an affidavit or declaration detailing why she "cannot present facts essential to justify its opposition," s*ee* Fed. R. Civ. P. 56(d), or explaining why any relevant documents showing her alleged employee status are not currently in her possession. Likewise, she has failed to provide any evidence, including an affidavit or declaration, in support of the position that there is a genuine dispute of fact as to whether she was an employee or independent contractor. Her incorrect assertion that the "Court is not permitted to consider extrinsic documents provided by the Defendant in deciding on the motion for summary judgment because discovery has not been conducted," *see* ECF No. 13 at 3, without providing an affidavit specifying why discovery is necessary, is therefore insufficient to defeat Erimax's Motion for Summary Judgment.

6

### b. There is no genuine dispute as to the material fact that Tisdale was an independent contractor at the time of the alleged adverse employment action.

The evidence provided by Erimax, and not refuted by Tisdale, confirms that Tisdale was an independent contractor at the time of the alleged discrimination. Under the ADA, an "employee" is defined as "an individual employed by an employer." 42 U.S.C. § 12111(4). Because this is a "'nominal definition' that is 'completely circular and explains nothing,'" courts focus on the "common-law touchstone of control" to determine whether an individual is an employee or an independent contractor. *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440, 444, 449 (2003). Other factors to consider include:

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 313 (4th Cir. 2001) (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989)). The Fourth Circuit has also instructed that "the parties' beliefs regarding the nature of the employment relationship are significant," and that the "failure of an employer to extend employment benefits or to pay any payroll taxes is 'highly indicative' that the employee is an independent contractor." *Farlow*, 259 F.3d at 313, 315. Indeed, "[a] party's tax and benefit treatment can be 'virtual admissions' of the party's status." *Id.* at 315.

Here, nearly all of the above factors support Erimax's contention that Tisdale was an independent contractor rather than an employee. First, the parties' understanding that Tisdale was an independent contractor is readily apparent. Not only did Tisdale sign a contract stating that she was an independent contractor, *see* Def. Ex. 3 at 2 ¶ 8, ECF No. 9-5, Tisdale herself

7

requested that she be converted from employee to contractor status as of February 2012, Def. Ex. 1, ECF No. 9-3.  Second, the contract that Tisdale signed clearly states that she would "not be considered an employee of ERIMAX for purposes of ERIMAX's employee benefit plans, which include, but are not limited to, vacation, sick leave, holiday leave, retirement plan contributions, health, life, dental and disability insurance."  Def. Ex. 3 at 2 ¶ 8, ECF No. 9-5.  The paystubs provided by Erimax indicate that Erimax paid Tisdale on a monthly basis based on her submitted invoices, and did not withhold any taxes from her payment.  Def. Ex. 9, ECF No. 18-2.  These facts are "highly indicative" of an independent contractor relationship.  *See Farlow*, 259 F.3d at 315-16 (finding an independent contractor relationship when, *inter alia*, contractor was not paid a salary, employer did not withhold or pay any taxes, contractor did not receive employee benefits like medical insurance, and contractor and employer signed contract indicating that she was an independent contractor); *Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 261 (4th Cir. 1997) (finding that individual was independent contractor when parties expressly agreed to independent contractor relationship, contractor "proposed the number of hours he would work during any given month," he was "paid only for work actually performed and not a uniform salary," he had freedom to do other work, he did not receive employee benefits, and employer did not withhold any taxes).

The other factors likewise overwhelmingly indicate that Tisdale was an independent contractor.  Tisdale indicates that she performed ninety percent of her work at the U.S. Census Bureau's location in Suitland, Maryland, and that she teleworked the other ten percent of the time.  ECF No. 1 ¶ 14; ECF No. 14-4 ¶ 15.  She does not allege, and her work orders confirm, that she performed her work at Erimax's offices.  *See* Def. Ex. 5 at 2, ECF No. 9-7 ("The services shall be performed at the Headquarters, U.S. Census Bureau, Suitland Federal Center,

Suitland, Maryland."). She worked pursuant to short-term work orders to which she and Erimax expressly agreed. *Id.* She was "able to select [her] own hours and pace of work," and, while she "[had] access to equipment and tools at ERIMAX's facility," the contract provided that she "possesses and shall use [her] own equipment and tools as appropriate for the performance of the work." Def. Ex. 3 at 1 ¶ 1, ECF No. 9-5.

On the other hand, there are some facts to support Tisdale's contention that she was an employee. For example, her Consultant Agreement provided that she was expected to abide by Erimax's ethics policy, and prohibited her from competing with Erimax for any work covered by the Agreement, during and for two years after the term of the Agreement. Def. Ex. 3 at 3 ¶ 12, ECF No. 9-5. However, "[m]erely because employee and independent contractor status is each supported by certain factors does not bar entry of summary judgment," *Farlow*, 259 F.3d at 312, and the key factors here overwhelming indicate that Tisdale was an independent contractor rather than an employee. Therefore, Erimax is entitled to summary judgment on Tisdale's ADA claims.

V.   **Tisdale's Motion for Leave to File Amended Complaint will be denied as futile.**

After Erimax filed its Motion to Dismiss or, in the Alternative, for Summary Judgment [ECF No. 9], Tisdale filed a Motion for Leave to File First Amended Complaint, to which Erimax did not consent. ECF No. 14. In her proposed Amended Complaint, Tisdale removed her FEPA claims and added additional facts purporting to demonstrate her alleged employment relationship with Erimax. ECF No. 14-4. For instance, she added allegations that Erimax controlled her work by giving her work orders containing a timeline for when the work would be completed and instructions on where she was to do the work, and allowed her to use all tools and equipment at Erimax's facility. ECF No. 14-4 ¶ 10. She alleged that Erimax provided her

training before she began her assigned tasks, and that she was paid bi-weekly (an allegation directly contradicted by Erimax's evidence). *Id.* ¶¶ 11-12. She stated that she requested time off from Erimax and the Census Bureau, that she was bound by Erimax's Employee Handbook and Ethics Policy and Procedure, and that, although ninety percent of her work was completed at the Census Bureau, she met in person with Erimax management every six weeks. *Id.* ¶¶ 13-15. Last, she added allegations that she had a point of contact at Erimax in case any issues arose, that she contacted Erimax multiple times regarding problems with Erimax team members that she supervised, and that during her employment with Erimax, she never worked for another company. *Id.* ¶¶ 16-18.

This Court agrees with Erimax that Tisdale's proposed amendments are futile in light of the evidence presented by Erimax's motion for summary judgment. The proposed amendments do little to support her claim that she was an employee of Erimax, especially "when balanced against the clear intent of the parties and the striking economic realities surrounding the working relationship in this case." *See Farlow*, 259 F.3d at 316. The proposed additional allegations—even if they had been supported by affidavits or other evidence—do not outweigh the overwhelming evidence provided by Erimax that Tisdale was an independent contractor. Therefore, her motion for leave to file an amended complaint will be denied as futile.

## CONCLUSION

For the foregoing reasons, Erimax's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment [ECF No. 9] will be granted, and Tisdale's Motion for Leave to File First Amended Complaint [ECF No. 14] will be denied.  A separate Order follows.


Date:  July 31, 2017                                          /s/
                                                    ROGER W. TITUS
                                           UNITED STATES DISTRICT JUDGE